IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 08-298 |
| KENNETH CRUZ | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                         **April 23, 2010**

On May 27, 2008, Defendant Kenneth Cruz was charged with seven counts of distribution of heroin,[1] two counts of possession with intent to distribute heroin,[2] one count of possession with intent to distribute cocaine base (crack),[3] one count of simple possession of cocaine,[4] one count of possessing a firearm in furtherance of a drug trafficking crime,[5] and two counts of possessing a firearm while a convicted felon.[6]

Cruz asks this Court to suppress the drug and gun evidence recovered from a search of his suitcase and jacket. Cruz argues the warrantless seizure of his suitcase and jacket was unconstitutional because (1) a third party, Peggy Espada, had no authority to consent to the items'

---

[1] 21 U.S.C. § 841(a)(1).

[2] 21 U.S.C. § 841(a)(1).

[3] 21 U.S.C. § 841(a)(1).

[4] 21 U.S.C. § 844(a).

[5] 18 U.S.C. § 924(c)(1).

[6] 18 U.S.C. § 922(g)(1).

1

seizure; (2) any consent by Espada was involuntary; and (3) no exigent circumstances existed to justify a warrantless seizure. The Government argues (1) Cruz does not have standing to challenge the search that resulted in the seizure of his suitcase and jacket; (2) Espada had actual and apparent authority to consent to the seizure of Cruz's items; (3) the warrantless seizure of Cruz's items was justified by exigent circumstances at the time of the search; and (4) Cruz abandoned the items and therefore no longer had a reasonable expectation of privacy in them. The Court finds Espada had actual authority to consent to the seizure of Cruz's jacket and suitcase and further concludes her consent was voluntary. Thus, officers were permitted to seize Cruz's items. Cruz's motion to suppress will be denied.

**FACTS**

1. On eight separate occasions between January 2007 and June 2007, Cruz sold heroin to an undercover Berks County Police Department Detective, Edwin Santiago. In June 2007, Cruz also sold Santiago a Stevens Arms .22 caliber rifle.

2. On September 26, 2007, Berks County Detective Leon Domsic obtained a warrant for Cruz's arrest. Santiago called Cruz to arrange a meeting.

3. Cruz was arrested after leaving a residence at 1063 Patton Avenue, Philadelphia, Pennsylvania. Officers searched Cruz and found 21 packets of heroin and a key to the 1063 Patton Avenue residence.

4. Berks County officers had observed Cruz leave the 1063 Patton Avenue residence immediately before several of the controlled drug buys, but officers did not procure a warrant to search the property prior to Cruz's arrest.

5. Officers requested Cruz's permission to search the residence. Cruz told officers he did not

live there and therefore could not consent to the search.

6. Officers knocked on the door and Peggy Espada opened it. Berks County Detective Scott Errington told Espada that police officers had just arrested Cruz and recovered heroin from his pocket. Errington also informed Espada that police previously made several purchases of heroin from Cruz, and, immediately prior to several of those purchases, Cruz had come from the 1063 Patton Avenue residence. Errington told Espada he suspected there was heroin in her residence and asked for her consent to search the premises.

7. Espada refused to give police officers consent to search. She told the officers that Cruz did not live at the 1063 Patton Avenue residence, but that he visited on occasion to see his children and had stayed there the night before.

8. Officers explained they would stay at the residence while they attempted to procure a search warrant. After talking with the officers, Espada eventually agreed to consent to a search of her residence. Domsic produced a written consent form. The form stated, in all capital letters, that the signatory has the right to refuse to consent to search. The form also stated that the signatory agrees police officers made no threats or promises in connection with the signatory's consent to search. Domsic explained the form to Espada. Espada signed the consent form, thereby authorizing police to search her home.

9. Espada told officers Cruz kept a suitcase containing his belongings in her bedroom and that she would identify his belongings. Immediately after signing the consent form, Espada led officers to her bedroom, where she identified a suitcase and jacket as Cruz's property.

10. The suitcase and jacket were located in a closet in Espada's bedroom. The jacket was a man's jacket, sized double-extra large. The suitcase was zipped shut, but not locked.

11. Officers seized the suitcase and jacket and transported them to police headquarters. The next day, officers obtained a warrant to search the suitcase and jacket. From the jacket, officers recovered 50 packets of heroin. From the suitcase, officers recovered 300 packets of heroin, four bags of cocaine, cash, a loaded EAA "Witness" 9mm pistol, mail addressed to both Espada and Cruz, photographs of Espada, and men's clothing.

**DISCUSSION**

Seizure of personal property is "*per se* unreasonable within the meaning of the Fourth Amendment unless it is accomplished pursuant to a judicial warrant issued upon probable cause and particularly describing the items to be seized." *United States v. Place*, 462 U.S. 696, 701 (1983). "Where law enforcement authorities have probable cause to believe that a container holds contraband or evidence of a crime, but have not secured a warrant, the Court has interpreted the Amendment to permit seizure of the property, pending issuance of a warrant to examine its contents, if the exigencies of the circumstances demand it or some other recognized exception to the warrant requirement is present." *Id.* One such exception to the warrant requirement is a search or seizure conducted pursuant to valid consent. *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

As an initial matter, the Government argues Cruz does not have standing to object to the search of the 1063 Patton Avenue residence because both he and Espada told officers that he did not live there. Cruz does not object, however, to the search of Espada's home, but rather argues the warrantless seizure of his jacket and suitcase was unconstitutional. To have standing to challenge a search or seizure as unconstitutional, a defendant must show he had a reasonable expectation of privacy in a place searched or things seized. *See Rakas v. Illinois*, 439 U.S. 128,

143 (1978). "[T]he Fourth Amendment provides protection to the owner of every container that conceals its contents from plain view." *United States v. Ross*, 456 U.S. 798, 822-23 (1982). As the owner of the suitcase and jacket, Cruz has standing to challenge the constitutionality of their seizure.

The Government concedes the seizure of Cruz's items was warrantless, but argues the seizure was nonetheless constitutional because it was executed pursuant to Espada's valid, voluntary consent.[7] Cruz argues Espada had no authority to consent to the seizure, and alternatively, even if Espada had such authority, her consent was involuntary and therefore constitutionally invalid.

"Valid consent can come from a 'a third party who possesses common authority over or other sufficient relationship to the premises or effects sought to be inspected.'" *United States v.*

---

[7] The Government makes two additional arguments to justify the warrantless seizure of Cruz's suitcase and jacket, both of which are meritless. First, the Government argues Cruz abandoned the items at Espada's residence, and therefore had no reasonable expectation of privacy in those items. While a warrantless search or seizure of abandoned property does not violate the Fourth Amendment, *see Abel v. United States*, 362 U.S. 217, 241 (1960), "[p]roof of intent to abandon property must be established by clear and unequivocal evidence." *United States v. Fulani*, 368 F.3d 351, 354 (3d Cir. 2004). In this case, there is no evidence Cruz intended to abandon his suitcase or jacket at 1063 Patton Avenue. Officers arrested Cruz immediately after he left Espada's residence and Espada told officers Cruz had slept there the night before. Officers found Cruz's items in a bedroom closet. These circumstances do not suggest Cruz intended to abandon his suitcase and jacket.

Second, the Government argues exigent circumstances justified the warrantless seizure of Cruz's suitcase and jacket because such items "could have been removed from the apartment in seconds, if left unguarded, and lost forever." Gov't's Br. at 11 n.4. Exigent circumstances include "the possibility that evidence may be removed or destroyed." *United States v. Coles*, 437 F.3d 361, 366 (3d Cir. 2006). In this case, however, there is nothing to suggest evidence was in danger of being removed or destroyed. Cruz was already in custody at the time Espada identified the suitcase and jacket as belonging to Cruz. At that point, Espada was cooperating with police and nothing in the record suggests she was inclined to move or destroy evidence.

*Perez*, 246 Fed. Appx. 140, 145 (3d Cir. 2007) (quoting *United States v. Matlock*, 415 U.S. 164, 171 (1974)) (alteration omitted). "The government bears the burden of establishing that the third party had actual or apparent authority over the searched area." *Id.* (citing *Illinois v. Rodriguez*, 497 U.S. 177, 181 (1990)). Common authority to consent to search or seizure exists with "mutual use of the property by persons generally having joint access or control for most purposes, so that it is reasonable to recognize that any of the co-inhabitants has the right to permit the inspection in his own right and that the others have assumed the risk that one of their number might permit the common area to be searched." *Matlock*, 415 U.S. at 172 n.7.

This case presents a close question of whether Espada had actual authority to consent to the seizure of Cruz's items. Though there is no evidence Espada used the suitcase or jacket, such items were stored at her residence, in her bedroom closet. The suitcase was also unlocked, and access to the jacket and the jacket's pockets was unobstructed. Espada had control over the items, as they were movable. She had the ability to dispose of the items as she wished.

This Court was faced with a similar factual scenario in *United States v. Perez*, No. 03-554-01, 2006 WL 573791 (E.D. Pa. 2006). In the Perez case, the defendant's girlfriend consented to a search of a vehicle she owned and insured, but which the defendant purchased. During their search of the vehicle, officers found an unlocked, partially unzipped duffel bag which belonged to the defendant. Officers searched the bag and recovered narcotics and a firearm. The defendant moved to suppress the evidence recovered from the bag, arguing his girlfriend had no authority to consent to the search of his bag, or alternatively, that her consent to search the car did not extend to the search of the bag. On appeal, the Third Circuit rejected the first argument, noting that "[b]y leaving his duffel bag inside the Grand Am, [the defendant]

assumed the risk that [the defendant's girlfriend] would consent to a search of the car and its contents." *United States v. Perez*, 246 Fed. Appx. 140, 146-56 (3d Cir. 2007). The Court also rejected the defendant's scope argument, concluding a bag that was "easily opened with minimal intrusion" was within the scope of the consent to search the vehicle. *Id.* at 146.

Similarly, in this case, Espada consented to the search of her residence. By leaving his jacket and unlocked suitcase in Espada's bedroom, Cruz assumed the risk she would allow the search or seizure of the items he left within her control. *See also United States v. Sosa*, No. 05-44, 2005 WL 3303869, at *3 (E.D. Pa. Dec. 2, 2005) (denying the defendant's motion to suppress evidence recovered from the search, conducted pursuant to a tenant's consent to search the premises, of an unlocked bag he left at his mother's residence "in a space that was non-personal to him and in an area over which other persons . . . who live in and exercised common authority over the house clearly exercised control"). Therefore, the officers' seizure of Cruz's items was constitutional because it was conducted pursuant to Espada's consent.[8]

Cruz argues, however, that Espada's consent is constitutionally invalid because the

---

[8] The Government argues, in addition to having actual authority, Espada also had apparent authority to consent to the search of Cruz's items. Apparent authority to consent to a search or seizure exists where "the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the premises." *Illinois v. Rodriguez*, 497 U.S. 177, 188 (1990). If a reasonable person would question whether a party has authority to consent to a search or seizure, officers have a duty to inquire further before conducting such a search or seizure. *Id.* at 188-89. In this case, Espada identified the suitcase and jacket as Cruz's belongings and provided no additional information regarding her use of or control over those items. Under these circumstances, a reasonable officer would question whether she had authority over the items and would have a duty to inquire further. The Court concludes Espada did not have apparent authority over Cruz's belongings. In this case, however, the warrantless seizure of Cruz's items is nonetheless constitutional, in light of the Court's finding that Espada had actual authority to consent to the seizure.

officers' statements to Espada, namely that they would stay at the residence until a search warrant was procured, constituted threats that rendered her consent involuntary. To be valid, consent must be given voluntarily. *Schneckloth*, 412 U.S. at 228. "[T]he question whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied, is a question of fact to be determined from the totality of all the circumstances." *Id.* at 227. In assessing whether an individual's consent was voluntary, courts examine "the characteristics of the accused and the details of the interrogation." *Id.* at 226. Relevant characteristics of an interrogated individual include her age, education, intelligence, and knowledge of her constitutional rights. *Id.* Relevant characteristics of an interrogation include the length of detention, whether questioning was repeated or prolonged, and whether the individual was deprived of food or sleep or was otherwise subjected to physically taxing circumstances. *Id.*

In this case, Espada initially declined to allow officers to search her residence, but agreed to the search after engaging in conversation with the officers. The officers' statement that they would remain at the property while they attempted to secure a search warrant did not "constitute deceit or trickery, but only a fair and sensible apprisal of the realities" of the situation. *United States v. Sebetich*, 776 F.2d 412, 425 (3d Cir. 1985) (citation and internal quotation marks omitted). Domsic produced a consent to search form that stated Espada had the right to refuse to consent. Domsic explained the consent form to Espada. After his explanation, she signed the form and led the officers to Cruz's belongings. Espada was an adult individual, she was not subject to any taxing circumstances, and the officers did not threaten or deceive her. Rather, Domsic explained her rights as stated on the consent form, and Espada signed the form. Espada's consent was voluntary and therefore constitutionally valid. Accordingly, Cruz's motion

8

to suppress will be denied.

**CONCLUSIONS OF LAW**

1. The seizure of Cruz's suitcase and jacket was constitutional because it was conducted pursuant to Espada's consent. Espada had actual authority to consent to the seizure of Cruz's items.

2. Espada's consent was given voluntarily.

3. The seizure of Cruz's suitcase and jacket was not justified by exigent circumstances.

4. Cruz did not abandon his suitcase and jacket.

    An appropriate order follows.

                                                  BY THE COURT:

                                                  /s/ Juan R. Sánchez
                                                  Juan R. Sánchez
                                                  United States District Judge